In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, Appellants.

Argued April 5, 1949; decided April 20, 1949.

*Sherman C. Ward, George H. Kenny, Samuel R. Madison* and *Joseph J. Doran* for appellants. I. Under section 23 of the Public Service Law, the Appellate Division was without jurisdiction to grant the stay, in the absence of findings, supported by evidence, that great and irreparable damage would otherwise result. The finding that a " serious question " is presented on the merits was not sufficient for that purpose. (*Atlantic Coast Line* v. *Florida,* 295 U. S. 301; *Matter of Brooklyn Union Gas Co.* v. *Maltbie,* 266 N. Y. 659; *County Transp. Co.* v. *Maltbie,* 273 App. Div. 437 ; *Matter of New Rochelle Water Co.* v. *Maltbie,* 249 App. Div. 378; *Matter of Consolidated Edison Co. of N. Y.* v. *Maltbie,* 193 Misc. 1015; *Matter of New York Edison Co.* v.

*Maltbie,* 150 Misc. 200.) II. Under the recoupment provision of section 114, the commission is required to indemnify petitioner against any loss represented by the difference between the temporary rates and the proper, just and reasonable rates ultimately determined for the period from the effective date of the temporary rate order, even if that order were to be annulled upon review. (*Prendergast* v. *New York Tel. Co.,* 262 U. S. 43; *Matter of Bronx Gas & Elec. Co.* v. *Maltbie,* 271 N. Y. 364; *Staten Island Edison Corp.* v. *Maltbie,* 267 App. Div. 72, 292 N. Y. 611.) III. If the temporary rates are ultimately determined to be lower than proper final rates for the same period, the commission is required to make up the deficiency to the company in fixing the final rates. (*Matter of Bronx Gas & Elec. Co.* v. *Maltbie,* 271 N. Y. 364; *Staten Island Edison Corp.* v. *Maltbie,* 267 App. Div. 72, 292 N. Y. 611; *Staten Island Edison Corp.* v. *Maltbie,* 270 App. Div. 55, 296 N. Y. 374.) IV. The commission would be required to comply with the recoupment provisions of section 114 even though the rate order were to be annulled. (*Staten Island Edison Corp.* v. *Maltbie,* 267 App. Div. 72, 292 N. Y. 611; *County Transp. Co.* v. *Maltbie,* 273 App. Div. 437; *Matter of Consolidated Edison Co. of N. Y.* v. *Maltbie,* 193 Misc. 1015.)

*Jacob H. Goetz, James P. Hill, Richard Joyce Smith* and *Cameron F. MacRae* for petitioner-respondent. I. The order as granted by the Appellate Division contains the requisite specific findings required by subdivision 2 of section 23 of the Public Service Law to justify the stay. (*Matter of Brooklyn Union Gas Co.* v. *Maltbie,* 242 App. Div. 718, 266 N. Y. 659.) II. The facts found in the order as granted by the Appellate Division constitute great and irreparable damage within the meaning of those terms as used in subdivision 2 of section 23 of the Public Service Law. (*Matter of Bronx Gas & Elec. Co.* v. *Maltbie,* 271 N. Y. 364.) III. The provisions of section 114 do not protect the company against the loss represented by the difference between the existing rates legally in effect and the temporary rates imposed by an illegal order. (*Purcell* v. *New York Central R. R. Co.,* 268 N. Y. 164; *Lowden* v. *Simonds-Shields-Lonsdale Grain Co.,* 306 U. S. 516; *Pennsylvania R. R. Co.* v. *Titus,* 216 N. Y. 17; *Burke* v. *Union Pacific R. R. Co.,* 226

N. Y. 534; *People* v. *Monarch,* 193 App. Div. 707.) IV. The finding that the temporary rates would impair the company's ability to raise needed equity capital conforms in all respects to the requirements of subdivision 2 of section 23 of the statute. (*Bluefield Water Works & Improvement Co.* v. *Public Service Comm.,* 262 U. S. 679; *Federal Power Comm.* v. *Hope Natural Gas Co.,* 320 U. S. 591.)

LOUGHRAN, Ch. J. The parties to this article 78 proceeding are the Public Service Commission of the State and Consolidated Edison Company of New York, Inc., a gas and electric corporation subject to the Public Service Law. Pursuant to section 114 of that statute, the Commission on December 30, 1948, fixed temporary rates to be charged by the company for electric service supplied to its consumers. Enforcement of that order of the Commission has been stayed by an order of the Appellate Division which is now before us for review upon the following questions certified:

" 1. Does the order [for a stay] as granted contain the requisite specific findings required by subdivision 2 of section 23 of the Public Service Law to justify the stay?

" 2. Do the facts found in the order as granted constitute great and irreparable damage within the meaning of those terms, as used in subdivision 2 of section 23 of the Public Service Law? "

Section 23 requires that an order suspending an order of the Commission fixing rates " shall contain a specific finding based upon evidence submitted to the court and identified by reference thereto, that great and irreparable damage would otherwise result to the petitioner and specifying the nature of the damage " (subd. 2). The stay in question was granted by the Appellate Division, because in the judgment of that court there were serious questions as to whether the Commission in fixing the temporary rates had exceeded the powers conferred upon it by section 114 of the Public Service Law, and because the rate provisions of that section, as read by that court, " were not designed and are not adequate to meet the situation herein presented where the loss, if the [temporary rate] order is void, may well reach astronomical figures." (275 App. Div. 731, 732.)

The answer to these misgivings is to be found, we think, in the construction which this court put upon section 114 in *Matter of Bronx Gas & Elec. Co.* v. *Maltbie* (271 N. Y. 364, 375). Section 114, we there said, " forces the Public Service Commission to consider the returns from the temporary rate and to establish the permanent rate, or the final rate, accordingly; that is, if the temporary rate has proved to be too low the final rate must make it up to the company. Over what time it is necessary to provide a rate sufficient to make up the loss, or to include the take-up, is a matter of adjustment, machinery and method. These matters are all in the hands of the Public Service Commission, which may increase or modify a rate to meet the circumstances at any time."

The recoupment proviso of section 114 is applicable to the temporary rates here in question. Hence, " great and irreparable damage " cannot result to the company from the temporary rate order, notwithstanding the Commission made its own estimate of the depreciation of the used and useful physical property of the company instead of accepting the figures shown on the company's records. Hence, too, the magnitude of the sums that the company may be entitled to recapture does not demonstrate either the existence of " great and irreparable damage " or the inadequacy of the recoupment proviso of section 114 (see *Staten Is. Edison Corp.* v. *Maltbie,* 292 N. Y. 611).

The order should be reversed, with costs and the motion for a stay denied. The questions certified are answered in the negative.

LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order reversed, etc.